IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOB F. TURNER,

        Plaintiff,

vs.                                          CIVIL NO. 99-1260 MV/LFG

CONTINENTAL CASUALTY COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFF'S MOTION FOR DISCOVERY

THIS MATTER is before the Court on Plaintiff Bob F. Turner's ("Turner") motion for an order permitting discovery into "the knowledge of Defendant and its medical reviewers concerning the relationship between the physiology of job-related stress and adverse coronary impact on persons with heart conditions." The motion is opposed [Doc. 18].

In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

### Background

Turner brought this action for a wrongful denial of disability benefits against Continental Casualty Company ("Continental") based on a denial of disability benefits under the terms of a policy issued by Continental by Turner's law firm. Continental argues that this is a case brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 10001 *et seq.*, and given the limited scope of review, no discovery is permitted. Chambers v. Family Health Plan Corp., 100 F.3d 818 (10th Cir. 1996).

Turner questions whether the disability plan involved in this action is, indeed, governed under the ERISA provisions. If Turner is correct, the discovery limitations under ERISA would not be applicable here. However, based on the Court's review of the pleadings, the Court assumes that this is an ERISA claim. This assumption is not intended to supplant any decision that may be made on this issue by the assigned trial judge. Moreover, if the trial court subsequently concludes that this is a case not governed by ERISA principles, the scope of permissible discovery may be revisited by the parties and the Court.

In a recent district decision, LaPointe v. Continental Casualty Co., CIV 99-1358, Judge Parker provides an excellent discussion on when a denial of benefits challenged under Section 502(a)(1)(B) of ERISA is to be reviewed under a de novo standard as opposed to the more deferential arbitrary and capricious standard outlined in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 956-57 (1989). After concluding, however, that a de novo standard of review in ERISA cases is better reasoned, he still found that discovery is to be significantly limited.

> The Tenth Circuit, as with the standard of review question, has provided scant guidance with district courts faced with setting the boundaries of review in a case such as this, to be reviewed de novo, brought under section 502(a)(1)(B) of ERISA. *Cf. Chambers*, 100 F.3d at 824 (limiting scope of review to record because arbitrary and capricious standard of review applied). However, here there is more consistency among other courts facing the issue. The general principle seems to be that review is limited to the record that was before the administrator, absent circumstances which clearly establish the need to gather additional evidence to conduct a just de novo review. *See Kearney*, 175 F.3d at 1090-91 (holding that "a district court should not take additional evidence merely because someone at a later time comes up with new evidence."); *Brown* 140 F.3d at 1200-1; *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025-27 (4th Cir. 1993)(listing, *inter alia*, legitimate impartiality concerns as a basis for considering additional evidence, cited in *Chambers*); *Lund*, 19 F. Supp. 2d at 1259; *Penyak v. UNUM Life Ins. Co.*, Civ. No. 97-

2117 EEO, 1998 U.S. Dist. LEXIS 14373, at *4 (D.N.M. Sept. 8, 1998). *See also Perry v. Simplicity Engineering*, 900 F.2d 963, 966 (6th Cir. 1990)(finding that if term *"de novo"* described in *Firestone* meant anything other than de novo review of administrative record, then district courts would become "substitute plan administrators" and ERISA goal of prompt claims resolution would be undermined).

Concluding that even in the broader de novo review, the trial court would be limited to reviewing the administrative record, Judge Parker declined to authorize additional discovery.

> Plaintiff asked for and received additional time during the administrative proceeding to supplement the record (and apparently then declined to do so). (*See id.*, Ex. B.) In sum, Plaintiff requests not the opportunity to present new evidence (a request which would be of questionable merit) but rather she asks permission to find new evidence (an even more questionable proposition). She provides no compelling reason why she should be entitled to search for new support at this stage. Accordingly, Plaintiff will be accorded nothing more or less than the full review of the administrative record generally undertaken in de novo cases.

In doing so, the court declined to alter the prior limitation on discovery imposed by the court. So, too, here. Whether the Court applies an "arbitrary and capricious standard" giving deference to the plan administrator or utilizes a "de novo standard," discovery beyond the information in the administrator's file is not permitted. Accordingly, discovery in this case is to be limited to the plan, the administrator's file and all information presented to the administrator at the time of the administrator's consideration of the application for benefits.

In sum, Continental must produce its entire file, but evidence outside of that file may not be pursued in this case.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEYS FOR PLAINTIFF:
David J. Stout, Esq.
William H. Carpenter, Esq.
ATTORNEY FOR DEFENDANT:
Michael J. Cadigan, Esq.